NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRATEGIC ENVIRONMENTAL PARTNERS, LLC, et al., | Civil Action No. 13-5032 (CCC) |
| Plaintiffs, | MEMORANDUM OPINION |
| v. | |
| SENATOR ANTHONY R. BUCCO, et al., | |
| Defendants. | |

**CLARK, Magistrate Judge**

Currently pending before the Court are Plaintiffs Strategic Environmental Partners, LLC, ("SEP") Marilyn Bernardi and Richard Bernardi's (collectively "Plaintiffs") two motions for leave to amend their complaint [Docket Entry Nos. 16, 35]. Defendants Anthony Bucco, Irene Kropp, Robert Martin, and the New Jersey Department of Environmental Protection ("DEP") (collectively "Defendants") have opposed Plaintiffs' motion and have filed a cross-motion for a protective order [Docket Entry No. 39]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, each motion. The Court considers each motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiffs' motion to file a second amended complaint is GRANTED, Plaintiffs' motion to file a third amended complaint is DENIED and Defendants' cross motion for a protective order is DENIED as moot.

**I.   BACKGROUND**

Plaintiffs filed the Complaint in this matter on August 21, 2013 seeking declaratory relief, alleging various civil rights violations under 42 U.S.C. §1983 and the New Jersey Civil Rights

1

Act, N.J.S.A. 10:6-1 *et seq.*, as well as various common law tort claims. *See generally First Am. Compl.*; Docket Entry No. 3.[1] Plaintiff Marilyn Bernardi is the sole member of the limited liability corporation SEP and Plaintiff Richard Bernardi is her husband. *Id.* at ¶¶3-4.

In 2010, SEP obtained title to the property formerly known as Fenimore landfill "for the purpose and with the intent of properly remediating the Landfill and developing the Property with photovoltaic solar panels." *Id.* at ¶¶37, 39. Plaintiffs claim that their land was illegally seized without a hearing or a court order and have brought suit alleging that Defendants opposed the remediation project, supported legislation which gave control of the landfill to the DEP, and retaliated against Plaintiffs.

On November 7, 2013 Defendants Kopp, Martin and the DEP filed a motion to dismiss Plaintiffs' complaint.[2] In response thereto, Plaintiffs cross-moved and filed their first motion to amend for leave to file a second amended complaint. Defendants Bucco and Atlantic Response, Inc. also moved to dismiss Plaintiffs' complaint on December 12 and 30, 2013, respectively. All briefing in connection with the aforementioned motions concluded on January 26, 2014.

On May 16, 2014, counsel for Plaintiffs filed a letter seeking leave to file another motion to amend (a third amended complaint) which Defendants opposed on May 22, 2014. On May 28, 2014 Plaintiffs filed their second motion to amend without receiving leave from the Court. Thereafter, on June 9, 2014, the Honorable Claire C. Cecchi, U.S.D.J. entered an Order administratively terminating all pending motions and simultaneously reinstating the motions to amend to be decided as a threshold. The District Court's Order further directed that "Defendants'

---

[1] Plaintiffs filed a first amended complaint as a matter of right pursuant to Fed.R.Civ.P. 15(a)(1) on September 30, 2013.
[2] Defendants Fred Hall, Christopher Raths, and the Township of Roxbury, New Jersey joined in this motion, but also filed an answer to Plaintiffs' complaint. *See* Docket Entry Nos. 8, 9.

2

Motions to Dismiss shall be refiled upon the Court's ruling on Plaintiffs' Motions to Amend[.]" *See* Docket Entry No. 37.

## II. LEGAL STANDARD

The decision to grant or deny leave to amend is committed to the sound discretion of the Court. *Gay v. Petsock,* 917 F.2d 768, 772 (3d Cir. 1990). Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Delay alone is not sufficient to deny a request for leave to amend, *see Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d. Cir. 1984), but the moving party "must demonstrate that its delay in seeking to amend is satisfactorily explained." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotations omitted). Courts will deny a request for leave to amend where delay becomes undue, such as when its accommodation creates an "unwarranted burden on the court…[and] unfair burden on the opposing party." *Adams v. Gould*, 739 F.2d 858 at 868.

Prejudice will be considered "undue" when it rises to such a level that the non-moving party would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence…" *Harrison*, 113 F.R.D. at 468 (internal quotations omitted). In evaluating the extent

3

of any alleged prejudice, the court looks to the hardship on the non-moving party if the amendment were granted. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). "Specifically, [courts] have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or theories." *Cureton*, 252 F.3d at 273. The court of appeals has stated that "prejudice to the non-moving party is the touchstone for the denial of…amendment." *See Cornell & Co. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

## III.  DISCUSSION

### A.  Motion to Amend – Second Amended Complaint[3]

The proposed amendments included in the initial motion are twofold.  First, Plaintiffs amend a number of paragraphs to clarify that the individual Defendants are being sued in both their official and individual capacities. *See generally Proposed Second Amended Complaint*; Docket Entry No. 16-3. Further, paragraph 166 is amended to include additional factual allegations. *Id.* at ¶166. Defendants oppose Plaintiffs' cross-motion arguing that the proposed amendments should be denied on the basis of undue delay, dilatory motive and futility. Defendants argue that Plaintiffs unnecessarily prolonged litigation by "waiting until the DEP filed its [initial] motion to dismiss before they sought to add the term 'individual capacity.'" *Defendants' Brief in Reply to Plaintiffs' Initial Cross-Motion to Amend* at 12; Docket Entry No. 17. The Court is not persuaded by this argument and finds that Plaintiffs did not exhibit undue delay or dilatory motive in seeking to amend.  Plaintiffs' cross-motion was in direct response to Defendants' first motion to dismiss, and was filed only four months after the action was initiated.  Moreover, no initial scheduling conference has

---

[3] Plaintiffs' initial motion to amend was filed as a cross-motion to Defendants' motion to dismiss which was administratively terminated on June 9, 2014.  As such, this Court will not be addressing the arguments made by counsel in the context of the motion to dismiss.

4

been conducted and no pretrial scheduling order has issued.  As such, the Court concludes that Plaintiffs did not unduly delay in moving to amend.

Defendants also make several arguments that Plaintiffs' Second Amended Complaint is futile, contending that it "does not cure the fatal defects of the [first amended] complaint" and "retains claims that the Plaintiffs know are non-cognizable as a matter of law." *Id.* at 10-11.  In the interest of judicial economy, the Court declines to engage in a detailed futility analysis at this juncture.  The Court finds that those arguments are better suited to be raised in the context of a motion to dismiss.[4]  Because the District Court's Order directed counsel to refile their motions to dismiss upon disposition of the motions to amend, the Court finds that Defendants will not be prejudiced by incorporating those arguments into their renewed motion to dismiss.

In summary, the Court thus finds that Plaintiffs' amendment should be permitted.  The clarification that the individual Defendants are being sued in both capacities, as well as the additional factual allegations outlined in paragraph 166 are minor amendments and are not prejudicial to Defendants.  Furthermore, Defendants futility arguments are preserved because the right to move to dismiss Plaintiffs' complaint was expressly reserved to Defendants by the District Court's Order.  As such, in light of the foregoing, and the consideration that leave is generally "freely given," Plaintiff's first motion for leave to file a second amended complaint is GRANTED.

### B. Motion to Amend – Third Amended Complaint

In their May 16, 2014 letter, Plaintiffs request leave of Court to file another motion to amend "to include additional claims against additional parties[.]" *See* Docket Entry No. 33 at 1.

---

[4] The Court is aware that these arguments were indeed initially made in the context of a motion to dismiss.  In that motion, Defendants' futility arguments challenged both the original complaint as well as the amendments.  However, the administrative termination of that motion constrains this Court to address the amendments only, and because Defendants have been directed to refile their motion to dismiss upon disposition of Plaintiffs' amendment, the Court finds that such an argument is better addressed at that time.

Defendants filed a letter on May 22, 2014 objecting to Plaintiffs' letter, noting that several motions had already been pending, and arguing that Plaintiffs' letter request was procedurally improper under FED.R.CIV.P. 15. *See* Docket Entry No. 34. In response, Plaintiffs filed their second motion to amend without obtaining leave of Court.

Without addressing the merits of Defendants' substantive arguments, the Court finds that Plaintiffs' second motion to amend must be denied. As a threshold matter, Plaintiffs were not given leave to file same. Although no scheduling order was in place setting dates for such motions, it is customary for the parties to seek leave to file same and, indeed, Plaintiffs sought such leave here. No less than four motions were pending at the time Plaintiffs made their request and the Court finds that Plaintiffs should have awaited leave from the Court to file their motion. Nevertheless, the Court shall outline why Plaintiffs' motion fails substantively as well.

While leave to amend the pleadings should generally be "freely given", the Court notes that "[a]n applicant seeking leave to amend a pleading has the burden of showing that justice requires the amendment." *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 497 (E.D. Pa. 2001). Plaintiffs' letter brief is two pages in length and is devoid of any substantive legal argument as to why the proposed amendment is proper. Plaintiffs state that the "Third Amended Complaint includes newly added facts based upon recently discovered evidence obtained through public records requests and documents produced in discovery in related litigations[,]" but fail to identify what those facts are. *Plaintiffs' Letter Brief in Support* at 2; Docket Entry No. 35-2. Moreover, Plaintiffs have omitted completely the fact that they seek to join new parties, as initially stated in the May 16th letter. In light of these considerations, even under the liberal amendment standard, Plaintiffs have simply have not shown the Court that amendment is proper or warranted.

### C. Motion for a Protective Order

As Defendants' motion for a protective order was filed in opposition to Plaintiff's Third Amended Complaint, the Court finds that Defendants' cross-motion for a protective order is moot.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' first motion to amend is GRANTED, Plaintiffs' second motion to amend is DENIED and Defendants' cross motion for a protective order is DENIED as moot. An appropriate Order follows.

Dated: August 1, 2014

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**
