NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STRATEGIC ENVIRONMENTAL PARTNERS, LLC, et al., | : : : | Civil Action No. 13-5032 (CCC) |
| Plaintiffs, | : : | MEMORANDUM OPINION |
| v. | : : | |
| SENATOR ANTHONY R. BUCCO, et al., | : : | |
| Defendants. | : : | |

**CLARK, Magistrate Judge**

Currently pending before the Court is Defendants Anthony Bucco, Irene Kropp, Robert Martin, and the New Jersey Department of Environmental Protection's ("DEP") (collectively "Defendants") motion for disqualification of Plaintiffs' counsel ("Counsel") [Docket Entry No. 45]. Plaintiffs Strategic Environmental Partners, LLC, ("SEP") Marilyn Bernardi and Richard Bernardi (collectively "Plaintiffs") have opposed Defendants' motion [Docket Entry No. 51]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Defendants' motion. The Court considers Defendants' motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Defendants' motion to disqualify Plaintiffs' counsel is DENIED.

**I.     BACKGROUND**

The parties and the Court are all familiar with the facts underlying this matter and as such, same shall not be restated at length herein. Plaintiffs filed the Complaint in this matter on August 21, 2013 seeking declaratory relief, alleging various civil rights violations under 42 U.S.C. §1983 and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq., as well as various

common law tort claims in connection with the property formerly known as Fenimore landfill. *See generally First Am. Compl.*; Docket Entry No. 3.  In 2010, Plaintiff SEP obtained title to the Fenimore landfill "for the purpose and with the intent of properly remediating the Landfill and developing the Property with photovoltaic solar panels." *Id*. at ¶¶37, 39.  Plaintiffs claim that their land was illegally seized without a hearing or a court order and have brought suit alleging that Defendants opposed the remediation project, supported legislation which gave control of the landfill to the DEP, and retaliated against Plaintiffs.

Prior to the commencement of the instant litigation, the underlying matter was litigated in the New Jersey Office of Administrative Law.  On September 7, 2012 as part of the discovery process, Defendants produced "a compact disc with thousands of pages of Bates-stamped electronic documents to [Counsel.]" *Defendants' Brief in Support* at 3; Docket Entry No. 45-4.  Along with the disc, Defendants sent a letter stating that "[d]ocuments for which review has been completed are provided in the enclosed diskette; however, approximately 15% of those documents have not been reviewed for privilege or responsiveness." *See Exhibit 1 to the Certification of Robert J. Kinney, DAG* ("Kinney Cert."); Docket Entry No. 45-2.  On October 5, 2012, Defendants submitted a follow-up letter advising that they had "inadvertently provided electronic correspondence that [was] determined to be privileged or protected." *See Exhibit 2 to Kinney Cert.*  The letter stated that Defendants had identified 69 documents that were privileged and thus, inadvertently produced.  The letter further requested Plaintiffs' counsel to "promptly return or destroy the information identified …not use or disclose [same]…[and] take reasonable steps to retrieve any of these documents that may have been disclosed to third parties." *Id.*

Just over 18 months later, on May 28, 2014 Plaintiffs filed a motion for leave to file a third amended complaint.  In the proposed third amended complaint, Plaintiffs reference "an

email between two NJDEP employees which mentions statements made by a Deputy Attorney General." *Plaintiffs' Brief in Opposition* at 6; Docket Entry No. 51.  This email (hereinafter "the Email") was one of the 69 documents which Defendants claimed a privilege for in October 2012.  Counsel was notified by letter on June 6, 2014 of same and subsequently responded on June 9, 2014 that he "had no recollection of viewing the Email" when it was first produced, and further "[did] not believe the Email [was] protected by any privilege[.]" *See Exhibit 4 to Kinney Cert.*  In this regard, Counsel objected to returning or destroying the Email or withdrawing references to same in the third amended complaint.   Counsel did, however, offer to submit the Email to the Court for a determination on privilege. *Id.*

On June 9, 2014, the Honorable Claire C. Cecchi, U.S.D.J. administratively terminated and simultaneously reinstated Plaintiffs' pending motion to amend.  Defendants opposed Plaintiffs' motion and cross-moved for a protective order arguing that Plaintiffs improperly referenced the inadvertently-disclosed Email in the drafting of the third amended complaint.  On August 1, 2014, this Court entered an Opinion and Order which, *inter alia,* denied Plaintiffs' motion for leave to file a third amended complaint and denied Defendants' cross-motion for a protective order as moot.  The Court found that Plaintiffs' motion to amend was both procedurally and substantively defective, and as such, the Court declined to address the propriety of Defendants' motion, as no privileged information was alleged to have been included in the operative complaint.

## II.     LEGAL STANDARD

In this District, questions of professional ethics are governed by L.Civ. R. 103.1(a), which provides that the Rules of Professional Conduct ("RPC") are to be used to resolve same. *See Carlyle Towers Condo. Ass'n v. Crossland Sav.*, 944 F.Supp. 341 (D.N.J. 1996). In

3

interpreting the RPCs, the Court looks to New Jersey's state courts' interpretations as primary authority and modifies that interpretation when required or permitted by federal law. L.Civ.R. 103.1(a); *see Steel v. General Motors*, 912 F.Supp. 724 (D.N.J. 1995).

When considering a motion to disqualify counsel, the movant bears the burden of proving that disqualification is appropriate because the RPCs were violated. *See Maldonado v. New Jersey*, 225 F.R.D. 120, 136-7 (D.N.J. 2004). However, a court's finding that a violation of the RPCs has occurred does not necessarily result in automatic disqualification. *See Wyeth v. Abbott Labs.*, 692 F.Supp.2d 453, 457 (D.N.J. Feb. 8, 2010) ("[C]ourts, when faced with [disqualification…should] carefully examine the totality of the circumstances, taking a balanced approach that includes evaluating the impact, nature and degree of a conflict"); *see also United States v. Miller,* 624 F.2d 1198, 1201 (3d Cir. 1980) ("Although disqualification ordinarily is the result of a finding that a disciplinary rule prohibits an attorney's appearance in a case, disqualification never is automatic.")  Further, the movant's burden is a heavy one as "[m]otions to disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Alexander v. Primerica Holdings, Inc.,* 822 F.Supp. 1099, 1114 (D.N.J. 1993) (quoting *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1984) (internal quotation marks omitted)). As a result, in determining whether to disqualify counsel, the Court must closely and carefully scrutinize the facts of each case to prevent unjust results. *See Montgomery Acad. v. Kohn*, 50 F.Supp.2d 344, 349 (D.N.J. 1999). Additionally, the court must "balance the need to maintain the highest standards of the [legal] profession against a client's right to freely choose his counsel." *Steel*, 912 F. Supp. At 733 (internal quotation marks and citations omitted).

This Court in *Maldonado* outlined six factors to be considered when addressing a motion to disqualify counsel in a case involving allegations of improper disclosure of privileged information: 1) whether the attorney knew or should have known that the material was privileged; 2) the promptness with which the attorney notifies the opposing side that he or she has received its privileged information; 3) the extent to which the attorney reviews and digests the privileged information; 4) the significance of the privileged information; i.e., the extent to which its disclosure may prejudice the movant's claim or defense, and the extent to which return of the documents will mitigate that prejudice; 5) the extent to which movant may be at fault for the unauthorized disclosure; and 6) the extent to which the nonmovant will suffer prejudice from the disqualification of his or her attorney. *Maldonado*, 225 F.R.D. at 139.

### III.   DISCUSSION

Defendants seek to disqualify Counsel for violations of RPC 4.4 and Rule 26 of the Federal Rules of Civil Procedure, namely, that Counsel improperly used information which Defendants claim was privileged and of which Defendants had given Counsel prior notice.  Rule 4.4(b) states as follows:

> A lawyer who receives a document and has reasonable cause to believe that the document was inadvertently sent shall not read the document or, if he or she has begun to do so, shall stop reading the document, promptly notify the sender, and return the document to the sender.

RPC 4.4.  In turn, Federal Rule of Civil Procedure 26(b)(5) similarly provides:

> If information produced in discovery is subject to a claim of privilege…the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed.R.Civ.P. 26(b)(5).

In this regard, Defendants contend that Counsel violated both rules when he did not return or destroy the Email and indeed, referenced the Email in the drafting of the third amended complaint. Defendants submit that the violation is made further serious by virtue of the fact that Counsel "shared the [Email] with his client, who distributed it to third parties and made it public, and then failed to take demonstrable steps to retrieve it from his client to prevent its further disclosure." *Deft. Br. Supp.* at 11.

It is undisputed that Counsel 1) did not destroy, return or sequester the Email upon being notified of Defendants' privilege claim either in October 2012 or again in June 2014; 2) shared the Email with his client after having received initial notice of Defendants' privilege claim; 3) did not make any attempt to prevent the further disclosure and dissemination of the contents of the Email; and 4) directly referenced the contents of the Email in the drafting of the third amended complaint. In addition, although not required by the Rules, Counsel did not present the subject Email to the Court for a review of Defendants' privilege claim as he had originally offered to do and for which Rule 26 specifically provides.[1]

Counsel's opposition to his disqualification can be reduced to two arguments: 1) that the Email is not privileged or that any claimed privilege was waived; and 2) that his use of the Email in the third amended complaint is harmless because the Court denied Plaintiff's motion to file same. For the reasons that follow, the Court does not find either argument dispositive.

---

[1] It was not until October 9, 2014 that Counsel submitted the subject Email to the Court for a privilege determination, at which time the Court reviewed several submissions regarding same. *See* Docket Entry Nos. 61-63. For the reasons stated herein, the Court finds that such a determination is irrelevant to the instant motion and therefore declines to rule on same as part of this Opinion.

For purposes of the instant motion, the Court finds Counsel's first argument to be irrelevant.  The Court need not consider whether the Email is actually privileged or whether any such privilege was subsequently waived because, for purposes of RPC 4.4 and Rule 26, it suffices that Defendants made a claim of privilege.  Indeed, RPC 4.4 does not even require that the information be claimed as privileged, so long as there is "reasonable cause to believe that the document was inadvertently sent[.]" RPC 4.4.  Likewise, Rule 26 merely requires that the information be "subject to a claim of privilege[.]" Fed.R.Civ.P. 26.  Therefore, the Court's inquiry does not turn on whether the Email is actually privileged.

Nor is the Court persuaded that its denial of Plaintiff's motion to amend the complaint lessens the severity of Counsel's violation.  Although Counsel does not recall having received Defendants' October 2012 privilege claim, it is undisputed that he received and acknowledged the June 6, 2014 letter advising of a privilege claim.  In his response thereto, Counsel offered to produce the Email to the Court, but claims that he did not do so because he never received a response to that offer by Defendants.  *Pltf. Br. Opp.* at 7.  Rule 26 provides that it is the receiving party who must return or destroy the information claimed to be privileged and then "may promptly present the information to the court…for a determination of the claim." Fed.R.Civ.P. 26.  In this regard, the Court finds that it was Counsel's prerogative to submit the Email to the Court, and that Counsel need not have waited for a response from Defendants.  However, even absent such a presentation to the Court, it still appears that the receiving party has accepted the producing party's claim and has otherwise complied with the directives of Rule 26.  Consequently, once Counsel failed to comply with the language of Rule 26 by not destroying the material or presenting it to the Court, a technical violation of Rule 26 and RPC 4.4 occurred.

Nevertheless, the Court is reluctant to impose the sanction of disqualification for Counsel's technical violation in light of several mitigating circumstances that are properly considered under the *Maldonado* factors.  First, at the time of production, Defendants admitted that "approximately 15%" of the documents produced had not yet been reviewed for privilege issues.  As such, Counsel was justified in assuming that the vast majority of documents were not subject to any privilege claim.  Second, when Defendants sent the October 2012 letter to Counsel notifying him of the claim, Counsel certifies that "he has no recollection of receiving or reading it[,] " there were no follow-up communications between the parties regarding the letter, and Counsel did not read the actual Email until approximately 18 months later. *Pltf. Br. Opp.* at 6. The Court accepts Counsel's representation and therefore finds that Counsel's actions in this regard were not in bad faith.  Third, Counsel has certified that when he did eventually read the Email, there was nothing that alerted him that the document might be privileged.  It wasn't until after Plaintiff moved to file a third amended complaint that he was again advised of the claimed privilege.  Fourth, as noted above, although he didn't immediately comply with the mandates of Rule 26, Counsel did respond to Defendants, inviting them to discuss further about whether the Email was indeed privileged and offering to submit same to the Court for review.   In light of L.Civ.R. 37.1, requiring that any discovery dispute should be first addressed with a meet and confer, Counsel's actions were reasonable.  However, Defendants did not respond and instead filed a cross-motion for a protective order.  Fifth, the prejudice resulting to Defendants from Counsel's use of the Email is abated by the fact that the Court denied Plaintiff's motion to amend the complaint. Lastly, and most compelling is the history of litigation in this case. The background of this matter long predates the instant motion and Counsel has represented Plaintiffs

since its inception. The Court finds that disqualifying Counsel at this juncture would unduly prejudice Plaintiffs.

## IV. CONCLUSION

In light of the foregoing, Defendants' Motion to Disqualify Counsel is DENIED. An appropriate Order follows.

Dated: November 12, 2014

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**
